**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DARWIN ODEN, #388510,**

    **Petitioner,**

                                          Civil No: 05-CV-72068
                                          Honorable Denise Page Hood

v.

**MILLICENT WARREN**,

    **Respondent.**

___

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. § 2254, filed on April 24, 2005. Respondent filed a response on November 28, 2005. Petitioner is a state prisoner currently confined at Thumb Correctional Facility in Lapeer, Michigan.

Petitioner asserts that he is being held in custody in violation of his constitutional rights. On December 18, 2001, Petitioner was convicted of M.C.L. § 333.7403(2)(a)(ii), possession of between 225 and 650 grams of cocaine, a lesser included offense of M.C.L. § 333.7401(2)(a)(ii), possession of with intent to distribute more than 225 grams but less than 650 grams of cocaine. Petitioner was indicted under M.C.L. § 333.7401(2)(a)(ii) only. On March 8, 2002, he received a mandatory sentence of twenty to thirty years in prison.

**II. Statement of Facts**

The prosecution presented the following theory of events at Petitioner's trial: On October 25, 2000, at approximately 7:30 p.m., a Michigan State Trooper saw Petitioner driving in an erratic manner. When the Trooper attempted to pull the vehicle over, Petitioner sped away. The Trooper,

joined by officers from the Van Buren Police Department, continue to follow Petitioner. Petitioner's vehicle eventually stopped after it collided with a chain link fence. Petitioner continued to flee from the officers on foot and, at some point, dropped a white plastic bag, which contained approximately 500 grams of cocaine during the pursuit. The officers ultimately apprehended Petitioner, and recovered the bag of cocaine.

Petitioner's position at trial was that the bag of cocaine seized by the police did not belong to him and that he was not the individual that the officers had seen exit the vehicle and had initially chased. Petitioner did not testify or present any witnesses.

### III. Procedural History

Following his conviction and sentencing, Petitioner filed a direct appeal of right with the Michigan Court of Appeals. On October 23, 2003, the Michigan Court of Appeals affirmed his conviction. *People v. Oden,* 2003 WL 22416401 (Mich. Ct. App. Oct. 23, 2003). Following the state appellate court's decision, Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal, indicating that it was not persuaded that the issues presented should be reviewed. *People v. Oden,* 470 Mich. 867 (2004) (table opinion).

Petitioner filed his federal petition for writ of habeas corpus in this Court on May 24, 2005. The petition raises the following issues in his habeas petition: (1) whether the trial court erred when it failed to give the jury an identification instruction pursuant to Michigan Criminal Jury Instruction 7.8 ("CJI2d 7.8"); and (2) whether the trial court erred when it instructed the jury on the lesser included offense of M.C.L. § 333.7403(2)(a)(ii), possession of more than 225 grams but less than 650 grams of cocaine.

2

**IV. Standard of Review**

Petitioner is entitled to writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits -

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determinate of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. §2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir. 1997).

The decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 412-23 (2000). "Avoiding these pitfalls doesn't require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Parker,* 537 U.S. 3, 8 (2002) (per curiam opinion) (emphasis in original). "Further, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baez v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

**V. Discussion**

    **A. Identification Jury Instruction**

Petitioner contends that he was misidentified as the individual who possessed the confiscated bag of cocaine while fleeing from officers on October 25, 2000. In light of his defense of misidentification, Petitioner contends that the jury should have received an identification instruction pursuant to CJI2d7.8. The CJI2d7.8 instruction appropriately "apprise[s] the jury of the proper considerations in determining whether to accept or reject eyewitness identifications." *People v Carson*, 217 Mich. App. 801, 807, vacated 217 Mich. App. 801 (1996), approved 220 Mich App 662, 678 (1996). Respondent argues that a CJI2d7.8 instruction was unnecessary, because Petitioner's identity, in light of the testimony of his arresting officers, was not at issue.

The Court finds the argument of Respondent convincing. "Under Michigan law, CJI2d 7.8(4) is a specific instruction that is only given when the consistency of witness identification is at issue." *Seck v. McKee,* 2006 WL 2528456, at *11 (W.D. Mich. July 17, 2006). "When a witness has offered a consistent identification throughout the criminal process, CJI2d7.8(4) is neither permitted nor necessary." *Id.* As noted by the Michigan Court of Appeals in adjudicating Petitioner's appeal:

> Here, all three eyewitnesses were police officers, and their identifications of defendant showed no such inconsistencies. Oden attacks a number of minor details, many of which are inconsequential or not inconsistent. The only real question with respect to identity seems to come from the fact that the pursuing officers lost track of Oden in the woods for a few seconds. However, Officer Sweet indicated that the person he caught up to in the woods was the same person he had followed in, and he based that conclusion on a number of Oden's identifying features, including his neck brace and clothing.
>
> * * * *
>
> Because there were no inconsistencies in the present case, we conclude that the evidence did not require the trial to give CJI2d 7.8.

*Oden,* 2003 WL 22416401, *2.

This Court reaches the same conclusion as the Michigan Court of Appeals. At Petitioner's

December 5, 2000 Preliminary Examination hearing, two of the three officers who were present during Petitioner's pursuit and subsequent arrest provided consistent testimony about Petitioner's clothing and neck brace. Officer Fred Sweet was closest to Petitioner during the pursuit. (Dkt. #8-2 at 33-34.) Officer Sweet testified that Petitioner exited the vehicle wearing all black and a neck brace. (Dkt. #8-3 at 24.) State Trooper Christopher Harris confirmed this testimony. (Dkt. #8-2 at 35-36.) It appears that Officer Sweet was the only officer who saw Petitioner exit with a white bag. (Dkt. #8-2 at 33; Dkt. #8-3 at 24.) However, Officer Sweet testified that the white bag retrieved by Detective Marvin Redmond, the third officer on the scene, "looked identical" to the white bag that Officer Sweet observed in the hands of Petitioner when Petitioner exited the vehicle. (Dkt. #8-3 at 29.)

The officers' trial testimony regarding Petitioner's identify was also consistent. Officer Sweet testified that he observed Petitioner getting out of the vehicle wearing dark clothes, a white neck brace, and braids. (Dkt. #21-3 at 30.) Petitioner was also carrying a white plastic bag. (*Id.* at 31.) Although Officer Sweet lost sight of Petitioner for approximately five seconds during the chase, (*id.* at 33,) Officer Sweet indicated that the person they eventually arrested was Petitioner. (*Id.* at 34.) Officer Sweet indicated that Petitioner's clothing, neck brace, and braids were the features that made Petitioner identifiable. (*Id.*) Trooper Harris confirmed that Petitioner was wearing all black clothing and a white neck brace. (Dkt. #20-5 at 8.)

The Michigan Court of Appeals' resolution of the issue was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U .S.C. § 2254(d). Accordingly, Petitioner is not entitled to habeas relief on this

5

claim.

## B. Lesser Included Offense Instruction

Petitioner contends that his due process rights were violated when the trial court instructed the jury with respect to M.C.L. § 333.7403(2)(a)(ii), possession of between 225 and 650 grams of cocaine, a lesser included offense of M.C.L. § 333.7401(2)(a)(ii), possession of with intent to deliver between 225 and 650 grams of cocaine. Respondent maintains that Petitioner's claim lacks merit, because "under Michigan law, possession of a controlled substance is a necessarily included lesser offense of possession with intent to deliver." (Answer at 10.)

A defendant's due process rights may be violated if the jury is instructed on an offense not included in the indictment and the defendant did not have notice that he or she might be charged with that offense. *Schmuck v. United States,* 489 U.S. 705, 717-18 (1989). However, it has been the law of the land for more than a century that a jury may find a defendant "guilty of any lesser offense necessarily included in the offense charged." *Id.* at 718. Under Supreme Court precedent:

> [An] offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given[.]

*Id.* at 716 (citing Fed. R. Crim. P. 31(c)). A federal court may not second-guess a state court's decision as to what constitutes an element of a crime under state law. *Seymour v. Walker,* 224 F.3d 542, 558 (6th Cir. 2000). Further, a "federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure." *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

Petitioner raised the same claim before the Michigan Court of Appeals. *Oden,* 2003 WL

22416401, at *5. The Michigan Court of Appeals held that M.C.L. § 7403(2)(a)(ii), possession of between 225 and 650 grams of cocaine, is a lesser included offense of M.C.L. § 7401(2)(a)(ii), possession of with intent to deliver between 225 and 650 grams of cocaine, in light of M.C.L. § 768.32. *Id.* This Court is bound by the Michigan Court of Appeals' interpretation of Michigan law and procedure. *Allen*, 845 F.2d at 614. Accordingly, under Michigan law, the trial court's instruction on M.C.L. § 7403(2)(a)(ii) did not violate Petitioner's due process rights, and habeas relief cannot granted relative to this issue. *Seymour,* 224 F.3d at 558.

**VI. Conclusion**

Accordingly,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus [Doc. #1-1, filed May 24, 2005] is **DENIED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager